*E-Filed 8/13/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO GONZALEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH CHUDY,<br><br>    Defendant.<br>_____/ | No. C 10-2221 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges that he requested and was denied a reasonable accommodation for his various ailments. Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. In sum, plaintiff's allegations lack the requisite specificity to state a claim. Plaintiff must allege specific facts against specific defendants detailing his claims that his constitutional rights were violated by a person or persons acting under color of state law. Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (10-2221 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1  Plaintiff may <u>not</u> incorporate material from the prior complaint by reference.  Failure to file
2  an amended complaint in accordance with this order will result in dismissal of this action
3  without further notice to plaintiff.

4      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
5  informed of any change of address by filing a separate paper with the clerk headed "Notice
6  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask
7  for an extension of time to do so.  Failure to comply may result in the dismissal of this action
8  pursuant to Federal Rule of Civil Procedure 41(b).

9  **IT IS SO ORDERED**.

10 DATED: August 13, 2010

                RICHARD SEEBORG
                United States District Judge