*E-Filed 10/4/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO GONZALEZ, | No. C 10-2221 RS (PR) |
|     Plaintiff, | **ORDER OF DISMISSAL** |
|     v. | |
| JOSEPH CHUDY, | |
|     Defendant. / | |

This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983 against defendant, Chief Medical Officer at Soledad State Prison. The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Claims

Plaintiff alleges that defendant Dr. Joseph Chudy, Chief Medical Officer at Soledad State Prison, was deliberately indifferent to his medical needs in violation of the Eighth Amendment when he (Chudy) denied plaintiff's administrative appeal. The appeal was based on an incident wherein plaintiff told a prison nurse, who had just delivered plaintiff's medication, that he had had rectal bleeding. Plaintiff was taken to the clinic and offered treatment, but plaintiff refused to pay a $5.00 co-pay and left the clinic without receiving treatment. Some time later, another prison nurse interviewed plaintiff. At that time, plaintiff made no mention of any rectal bleeding, though Chudy's report indicates that plaintiff had, a month before this interview, filed a health care request regarding that condition.

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective first component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it may be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837.

Under this standard, the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. First, plaintiff has not shown that there was a deprivation of treatment. He was sent to the clinic after one complaint, but refused treatment by refusing to pay the co-pay. His refusal of treatment does not constitute a deprivation by defendant. Also, he was further interviewed by staff regarding his health, yet failed to mention the medical conditions he complains about here. Without proper and clear notice, staff could not have properly treated plaintiff. Second, he has not shown that even if there was a deprivation, that it was sufficiently serious in that his symptoms represented an imminent need for medical attention. Third, plaintiff has not shown that defendant possessed the necessary state of mind. Faced with the record of plaintiff's refusing treatment, and not mentioning the bleeding to an inquiring official, the Court cannot say that plaintiff has shown that defendant knew of a serious risk to plaintiff's health and ignored it. Accordingly, the complaint is DISMISSED, plaintiff having failed to state a claim for relief.

The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: October 4, 2010

RICHARD SEEBORG
United States District Judge